# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

RANDY R. CARSON                                    CIVIL ACTION

VERSUS                                             NO. 09-0016

DR. R. INGLESE, ET AL.                             SECT. F, MAG. 1

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THIS HONORABLE COURT:**

This memorandum is submitted in support of the Motion for Summary Judgment filed on behalf of defendants Al Strain, Warden of St. Tammany Parish, and Dr. Richard Inglese, Medical Director of the St. Tammany Parish Jail. It is respectfully submitted that this motion brought on behalf of defendants should be granted because the pleadings and affidavits submitted in support of this motion and on file with this Court show that there is no material issue of fact and defendants are entitled to Judgment as a matter of law.

## I.    FACTS

Plaintiff Randy Ray Carson filed this federal *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging in his complaint that he has been denied proper medical treatment while incarcerated at the St. Tammany Parish Jail, specifically alleging that he denied proper dental treatment.

Plaintiff correctly pleads in his original complaint that there was a grievance procedure in place at the jail (Paragraph IIA of plaintiff's complaint) and alleges that he has presented the facts relating to his complaint through the jail's grievance procedure (Paragraph IIB of plaintiff's complaint).  Plaintiff answers "No" to Paragraph IIC(2) that asked if he had "exhausted or completed all steps in the procedure, including appeals."  Therefore, it is an undisputed fact that there was an administrative grievance procedure at the St. Tammany Parish Jail at the time plaintiff filed his lawsuit and it is also an undisputed fact that plaintiff failed to complete all steps of the procedure prior to filing the lawsuit; therefore, it is clear that plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C § 1997e(a) prior to filing his lawsuit.

In addition to failing to exhaust his administrative remedies, plaintiff's claim that he was denied proper medical treatment still fails against these defendants because the undisputed facts show that he cannot prove a violation of his civil rights.  Furthermore, the uncontested facts show that plaintiff was not denied proper medical treatment, but to the contrary, the plaintiff received appropriate medical care.

Under the policies and procedures of the St. Tammany Parish Jail, an inmate can request medical attention from the medical department in several different ways, including filling out a medical request form and dropping it in a box where the forms are then picked up by the medical department and not seen by any deputy, by asking a deputy to be taken to the medical

2

department, or by asking a nurse from the medical department who comes on each tier or dormitory of the jail three times a day. The St. Tammany Parish Jail has a complaint procedure and grievance procedure in place and any complaint or grievance received concerning medical treatment provided to inmates at the St. Tammany Parish Jail is forwarded directly to the medical department for their response in accordance with the jail's grievance procedure.

Since St. Tammany Parish Sheriff's deputies do not make medical decisions concerning medical treatment provided to inmates at the jail, any grievance received concerning medical treatment provided to inmates at the St. Tammany Parish Jail is forwarded directly to the medical department for their response in accordance with the jail's grievance procedure.

In addition, plaintiff makes no allegation that defendant Al Strain was personally involved in any decision concerning his medical treatment or as to whether he had been seen by anyone from the medical department. Plaintiff does not claim that anyone under the supervision of former Warden Al Strain failed to transport him to any scheduled appointment or interfered in the medical treatment provided to him by the medical staff at the jail. A clear reading of plaintiff's complaint clearly shows that he has received medical treatment while in the jail, but does not like the treatment he has received.

The affidavit of Dr. Richard D. Inglese clearly establishes that plaintiff received appropriate medical care with incarcerated at the St. Tammany Parish Jail. Plaintiff's jail medical records show that he was seen numerous times by doctors and other medical personnel who provided appropriate treatment to him and were not indifferent to his medical needs.

Defendants respectfully bring this motion to show this Court that they are entitled to judgment as a matter of law on plaintiff's denial of proper medical treatment claims. In support of this motion, defendants have submitted the following documents as exhibits:

3

A. A certified copy of the St. Tammany Parish Jail medical records of plaintiff
Randy Ray Carson (previously filed into the record);

B. Affidavit of Dr. Richard D. Inglese with attached Curriculum Vitae and
medical report;

C. Affidavit of Warden Greg Longino with attached copy of the summary of
complaint procedure and grievance procedure in place in July 2008 to present,
and blank complaint form and forms used in the grievance process.

These documents show that there is no genuine issue as to material fact over whether

inmate Randy Ray Carson exhausted the administrative remedies that were available to him prior

to filing his lawsuit. The affidavits of Warden Longino and Dr. Inglese, along with plaintiff's

jail administrative file, establish without doubt that plaintiff failed to exhaust his administrative

remedies concerning his denial of medical treatment prior to filing his lawsuit. Therefore,

defendants' motion for summary judgment should be granted and plaintiff's claims against

defendants Al Strain and Dr. Richard Inglese should be dismissed.

## II.    LAW AND ARGUMENT

### A.    STANDARD FOR GRANTING SUMMARY JUDGMENT

Summary Judgment is proper if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with affidavits, if any, show there is no genuine issue as to any

material fact. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91

L.Ed. 265 (1986); and *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2305, 91

L.Ed. 202 (1986). The *Celotex* case makes it absolutely clear that after adequate time for

discovery, summary judgment should be granted when plaintiff has failed to establish an element

essential to the claim and there are no genuine issues of material fact:

> In our view, the plain language of Rule 56c mandates the entry of summary
> judgment, after adequate time for discovery and upon motion, against a party who
> fails to make a showing sufficient to establish the existence of an element
> essential to that party's case, and on which that party will bear the burden of proof
> at trial.   In such a situation, there can be "no genuine issue as to any material
> fact," since a complete failure of proof concerning an essential element of the
> nonmoving party's case necessarily renders all other facts immaterial.

*Celotex* at 273.

It is respectfully submitted that summary judgment should be granted since plaintiff has

failed to present any facts, through discovery or otherwise, to support his claim that he was

denied proper medical treatment.   In addition, plaintiff has failed to prove that he had exhausted

all administrative remedies available to him as required by 42 U.S.C. § 1997e(a) before filing his

federal lawsuit.   Clearly, plaintiff has established no genuine issue of material fact in this matter

to support his claims against these defendants and therefore, defendants are entitled to summary

judgment as a matter of law.

### B.   PLAINTIFF FAILED TO EXHAUST <u>ALL</u> ADMINISTRATIVE REMEDIES AVAILABLE TO HIM BEFORE FILING SUIT

As shown by plaintiff's jail medical record and the affidavit of Warden Longino (Exhibit

C), plaintiff has failed to exhaust <u>all</u> the administrative remedies available to him at the St.

Tammany Parish Jail before filing his complaint.   The applicable provision of the Prison

Litigation Reform Act of 1996 is 42 U.S.C. § 1997e(a), which reads as follows:

> No action shall be brought with respect to prison conditions under § 1983 of this
> title or any other law or any other Federal law by a prisoner confined in a jail,
> prison or other correctional facility until such administrative remedies as are
> available are exhausted.

42 U.S.C. § 1997e(a).

In *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998), the Fifth Circuit, while

holding that the requirement to exhaust administrative remedies was not jurisdictional, held that

if a plaintiff had not exhausted his administrative remedies, dismissal **with prejudice** was the correct action under the statute. The court pointed out that if a plaintiff filed suit before exhausting his administrative remedies, then plaintiff sought relief to which he was not entitled.

The Fifth Circuit in *Wendell v. Asher,* 162 F.3d 887 (5th Cir. 1998), held that "prison condition" actions required the application of the exhaustion requirements set forth in § 1997e(a). In *Booth v. Churner,* 532 U.S. 731; 121 S.Ct. 1819; 149 L.Ed.2d 958 (2001), the Supreme Court upheld the district court's dismissal of plaintiff's § 1983 by holding that exhaustion of all remedies was mandatory prior to filing his suit. The Court further held that exhaustion was required regardless of the relief available or sought.

Although *Booth* is a case dealing with a prisoner's excessive force claim, the Fifth Circuit has made it clear on several occasions that *Booth* expressed that exhaustion of available remedies are required regardless of the nature of the prisoner's claim about the correctional facility and regardless of the relief the prisoner seeks:

> Quibbles about the nature of a prisoner's complaint, the type of complaint, the type of remedy sought, and the sufficiency or breadths of prison grievance procedures were laid to rest in *Booth.*

*Wright v. Hollingsworth,* 260 F.3d 357 (5th Cir. 2001).

The United States Supreme Court in *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), made it clear that in cases involving a prisoner's condition of confinement, the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. The Fifth Circuit cites *Porter* in its decision in *Clifford v. Gibbs, et al.,* 2002 U.S. App. LEXIS 13903, *citing Porter v. Nussle,* 534 U.S. 516 (2002), affirming this Court's decision dismissing a failure to protect case for failure to exhaust administrative remedies.

Plaintiff correctly asserts in his complaint that there was a prisoner grievance procedure in place at the St. Tammany Parish Jail and further admits that he did not complete all steps of the jail's administrative remedy procedure, including appeals.

As stated in the affidavit of Warden Longino, the St. Tammany Parish Jail had an inmate complaint procedure and an administrative remedy procedure in place at the St. Tammany Parish Jail at the time the alleged incident occurred and that these procedures are found in the inmate handbook that is given to every inmate that is booked into the St. Tammany Parish Jail. Warden Longino's affidavit further establishes that both the complaint procedure and grievance procedure are also posted in every housing unit at the jail, including the housing unit where inmate Carson was housed at the St. Tammany Parish Jail during his incarceration. In addition, the affidavit of Warden Longino establishes that at the time the events giving rise to this lawsuit occurred, copies of the complaint forms and grievance forms were available in all housing areas of the jail, including the area where Carson was being housed.

The facts are clear that although plaintiff submitted several request medical forms concerning the medical treatment he was receiving at the St. Tammany Parish Jail (See, Exhibit A), plaintiff submitted only one complaint concerning any of claims brought forth in his lawsuit and never submitted a grievance or appeal of any such grievance concerning any of his claims regarding medical treatment or lack thereof. These facts are supported by the affidavits of Dr. Richard Inglese and Warden Greg Longino. Although plaintiff alleges in his complaint that he submitted a grievance concerning his claim, plaintiff's jail medical record contains no such grievance. Even if plaintiff had filed an administrative grievance as he alleges in his lawsuit, the filing of grievance only initiates the jail's grievance process. Furthermore, Warden Longino denies in his affidavit ever receiving the purported grievance and it is an undisputed fact that

plaintiff did not appeal the Warden's response to the grievance (or lack thereof) and the filing of this alleged grievance at most initiated the grievance process. This fact is further supported by Warden Longino's affidavit as well as plaintiff's jail administrative file and jail medical records, all of which clearly establish that plaintiff failed to comply with the provisions of 42 U.S.C. § 1997e(a) since he did not exhaust all his available remedies before filing his lawsuit.

Even assuming that plaintiff's claim that plaintiff had filed a grievance (which is denied), the filing of the purported grievance at most *initiated* the grievance procedure; however, it did not *exhaust* his remedies as required by 42 U.S.C. 1997e(a). In *Underwood v. Wilson,* 151 F.3d 292, 294, (5th Cir. 1998)(*quoting* Webster's New Int'l Dictionary 796, (3rd ed. 1981)), the Fifth Circuit defined *exhaust* as "to take complete advantage of (legal remedies)." Clearly, the filing of a First Step grievance does not constitute exhaustion since § 1997e(a) requires that an inmate "pursue the grievance remedy through conclusion" in a multi-step grievance process. *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001).

This Court agreed that failure to receive a response does not relieve a prisoner from his obligation to pursue all available administrative remedies to their conclusion and granted defendants' motion for summary judgment and dismissed plaintiff's case based on plaintiff's failure to exhaust his administrative remedies and held as follows:

> **To allow plaintiff, who clearly did not proceed beyond the first step of the multi-step administrative remedy procedure, to proceed directly to federal court would undermine the congressional intent of § 1997e(a).**

*Cassisi v. St. Tammany Parish Medical Staff, et al.,* USDC, Eastern District, No. 01-3452 "J" (1) (emphasis supplied).

It is an undisputed fact that even if plaintiff had filed a grievance concerning his denial of medical treatment claims (which is denied), plaintiff failed to pursue any supposed grievance to the next step of the grievance process. Therefore, it is clear that this Court should hold the same

in the instant case and grant defendants' motion for summary judgment and dismiss plaintiff's claims.

## C. DEFENDANT, AL STRAIN, ENTITLED TO SUMMARY JUDGMENT

Plaintiff makes no specific allegation in his complaint that defendant, former Warden Al Strain, had any personal involvement in the medical decisions that are the subject of this lawsuit. In fact, plaintiff alleges that he is suing Warden Strain because Warden Strain is responsible for "the overall, care, custody and control" of the jail. (*See,* Doc. 2-2, page 14). This is, in fact, an allegation that defendant, former Warden Al Strain, is liable to plaintiff under the theory of *respondeat superior*. It is well established that there is no liability based upon the theory of *respondeat superior* in a civil rights case. *Monell v. Dep't of Social Services of New York City,* 436 U.S. 658, 90 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Eason v. Thaler,* 73 F.3d 1322, 1327 (5th Cir. 1996); *Baskin v. Parkin,* 602 F.2d 1205 (5th Cir. 1979); and *Barksdale v. Kirk,* 699 F.2d 744 (5th Cir. 1983).

Likewise, there are no allegations in plaintiff's complaint or elsewhere that plaintiff was injured or that his alleged lack of medical care was caused because of a policy or procedure adopted or implemented by Warden Al Strain.

The only factual allegations against defendant, Warden Al Strain, that he was in any way involved in causing plaintiff harm is the conclusionary allegation that he failed to investigate, answer and/or remedy plaintiff's grievances about his medical treatment. However, the record is now clear that the uncontested facts show that plaintiff never appealed a grievance concerning his medical conditions to the Warden. *See,* Exhibit C, *Affidavit of Warden Greg Longino,* paragraphs 25, 26, and 27. In fact, plaintiff's complaint and the attachments to the complaint make it clear that plaintiff did not appeal a grievance to the Warden. In the lengthy attachments

9

to plaintiff's complaint, plaintiff attached three inmate grievance forms, which he alleges he filed to commence the administrative remedy procedure of the jail. All three of these inmate grievance forms show that plaintiff did not appeal the initial decisions on those grievances to the Warden. (Doc. 2-2 pp 16, 19, &20). The forms have a place showing where the inmate is to sign, stating that he has five days within which to appeal.

Since there are no allegations that Warden Al Strain was personally involved in the medical decisions about which plaintiff complains, and since, as a matter of law, there is no liability under the doctrine of *respondeat superior*, and since plaintiff did not appeal any grievances concerning his medical treatment to Warden Al Strain, this defendant is entitled to summary judgment as a matter of law.

### D.   PLAINTIFF RECEIVED APPROPRIATE MEDICAL CARE WHILE AT ST. TAMMANY PARISH JAIL AND THIS MEDICAL TREATMENT WAS NOT A VIOLATION OF HIS CIVIL RIGHTS AND IT WAS NOT MALPRACTICE OR NEGLIGENCE UNDER STATE LAW

Defendants are entitled to summary judgment not only on the issue of plaintiff's failure to exhaust his administrative remedies, but also because the uncontested facts clearly show that plaintiff cannot prove that his civil rights were violated.  The uncontested facts show that plaintiff was not denied proper medical treatment, but in fact received appropriate medical care. (*See*, Dr. Inglese's affidavit, Exhibit B).

Moreover, plaintiff fails to make any factual allegations that would allege a civil rights suit under 42 U.S.C. § 1983 regarding his denied medical treatment claims.  Plaintiff merely alleges facts that would at best constitute a state negligence medical malpractice case.  However, the civil rights laws should not be used as a substitute for a negligent medical malpractice case, which is exactly what plaintiff is trying to do in this case. *Estelle v. Gamble,* 429 U.S. 97 (1976),

*Hall v. Thomas*, 190 F.3d 693, 1999 WL 766347 (5th Cir. 1999).  In addition, the due process clause of the Fourteenth Amendment is simply not implicated by allegations of ordinary negligence. *Daniel v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 663, 88 L. Ed. 2d 662, 666 (1986).

Dr. Inglese's affidavit clearly shows that plaintiff Randy Ray Carson received appropriate medical care while incarcerated at the St. Tammany Parish Jail and that his dispute is over his medical treatment that he received.  Cleary, there is no indication that the doctors or other medical personnel acted with deliberate indifference toward plaintiff's medical needs.  At best, plaintiff's allegations amount to a state court malpractice claim against the doctors and this is the exact type of claim that *Estelle, v. Gamble, supra,* said could not be brought in federal court under § 1983. However, the uncontested facts now show that the medical care was not only appropriate care, but it was excellent health care. *See,* Dr. Inglese's affidavit, Exhibit B.

The affidavit and the attached curriculum vitae and medical report show that the record now contains an uncontradicted expert opinion that plaintiff's medical care, while incarcerated in the St. Tammany Parish Jail, was not only appropriate, but excellent. Plaintiff has nothing to refute this opinion, other than his own untruthful allegations, which cannot be supported.

Dr. Inglese's affidavit shows that plaintiff's claim that he or others acted with deliberate indifference by cutting off his psychiatric medications is simply untrue. In fact, as the affidavit and medical report of Dr. Inglese point out, when Mr. Carson came to St. Tammany Parish Jail, he tested positive for both cocaine and marijuana. The appropriate medical thing to do at the time was to take him off his psychiatric medicine because of his abuse of these other drugs. *See,* Exhibit C, page 1 of the report. This was on October 15, 2007, when he came to the jail, and on October 19, he saw the jail psychologist, Dr. Higgins, who placed him back on appropriate psychiatric drugs for his bipolar condition.

Dr. Inglese's affidavit and medical report make it clear that many of the medical problems Mr. Carson was having was due to his failure to follow appropriate medical instructions of his doctors and to take his medicine or not to abuse his medicine.  Exhibit B.

The allegations in plaintiff's complaint that he was denied his civil rights due to deliberate indifference because he was not allowed to see medical doctors or dentists is clearly refuted by Dr. Inglese's affidavit and report which show, among other things, that in his first month he was seen by medical doctors six times, which was more than once a week.  Exhibit B.

Prior to coming to the jail, Mr. Carson suffered from hemochromatosis, but had not sought treatment while he was out of jail for over a two-year period. The medical personnel at St. Tammany Parish Jail re-established appropriate treatment for this condition.   Exhibit B.

Mr. Carson had neglected his dental health considerably before he was incarcerated in the St. Tammany Parish Jail.   One of Mr. Carson's major complaints was his dental health. Dr. Inglese's report clearly shows that he received appropriate dental care after being placed in the St. Tammany Parish Jail. It was necessary to get him several appointments with oral surgeons at the Medical Center of Louisiana in New Orleans. This was done. Mr. Carson was placed on a dietary supplement called "Ensure." When it was evident that he was gaining too much weight, he was taken off the Ensure. This was the appropriate medical thing to do, in view of the fact that he had gained 46 pounds.   Exhibit B.

Dr. Inglese's report clearly shows that Mr. Carson was appropriately treated for his other conditions, including his venous thrombosis and his mental illness, including bipolar disease.

The report also shows that Mr. Carson was a very difficult and non-complying patient and his non-compliance contributed to his medical problems.

For these reasons, it is clear that the uncontested facts show that plaintiff cannot prove that he was injured in any way by the deliberate indifference of anybody at the St. Tammany Parish Jail concerning his medical needs. To the contrary, if he suffered any medical problems as a result of being in the St. Tammany Parish Jail, that was caused by his decision not to comply with his doctors' orders.

Likewise, the uncontested facts of this case, as established by Dr. Inglese's affidavit and report, clearly show that the treatment that he received at the St. Tammany Parish Jail did not amount to malpractice or negligence under state law.

For the foregoing reasons, defendants are entitled to summary judgment on the issue of whether plaintiff was denied medical treatment.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully submitted that this Motion for Summary Judgment should be granted and a judgment should be entered dismissing all of plaintiff's claims against defendants Al Strain, former Warden of the St. Tammany Parish Jail, and Dr. Richard Inglese with prejudice at plaintiff's cost.

Respectfully submitted,

**TALLEY, ANTHONY, HUGHES & KNIGHT, L.L.C.**

BY:   /s/ R. BRADLEY LEWIS
    **R. BRADLEY LEWIS (T.A.) (#8657)**
    2250 7th Street
    Mandeville, LA  70471
    (985) 624-5010
    rbl@tahk.net
    ATTORNEYS FOR DEFENDANTS

13

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.   I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participant: Randy Ray Carson, #32428, St. Tammany Parish Jail, P.O. Box 908, Covington, Louisiana, 70434.

    /s/ R. BRADLEY LEWIS
    R. BRADLEY LEWIS